UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARLIN BYRON PARKS,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 01-1959 (ADM/SRN)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, the Court finds that all of Petitioner's habeas corpus claims have been procedurally defaulted, and thus cannot be entertained on the merits here. It will therefore be recommended that Petitioner's application for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In October 1998, a Hennepin County jury found Petitioner guilty of first degree burglary. He was sentenced to 58 months in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-6.)

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED OCT 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following Petitioner's conviction and sentence, his attorney filed a direct appeal with the Minnesota Court of Appeals, arguing that there was insufficient evidence to support the jury's verdict. Petitioner filed a separate pro se brief on appeal, claiming that (1) the testimony of the victim, identifying Petitioner as the burglar, was not reliable, (2) the jury erroneously rejected Petitioner's allegation that the police had forced him to leave a fingerprint at the scene of the crime, and (3) the prosecution's theory of the case was not credible because the time of his arrest was too close to the time when the burglary reportedly occurred. The Minnesota Court of Appeals rejected all of Petitioner's claims and affirmed his conviction. State v. Parks, No. C2-00-263 (Minn.App. 2001), 2001 WL 32796 (unpublished opinion). Petitioner did not seek further appellate review in the Minnesota Supreme Court. (Petition, p. (3), ¶ 8(c) and p. (4), ¶ 11(c).)

Sometime after his conviction was affirmed on direct appeal, Petitioner filed a post-conviction motion in the trial court. There, Petitioner argued:

> "The state violated My Amendment Right, official Misconduct depriveing [sic] me of a fair trial, the state prosecutor concealed evidence And the State witnesses was [sic] not quilfied [sic] to give expert testimony And Effective Assistance of counsel in violation of my 6th, 14th, Amendment to U.S.C., And that Im [sic] mentaly [sic] ill – the Evidence was false."

(Petition, pp. (3)-(4), ¶ 11.)

The trial court denied Petitioner's post-conviction motion on April 5, 2001, (id.), and Petitioner never sought any appellate court review of that ruling.

Petitioner filed his current application for federal habeas corpus relief on October 25, 2001. This petition lists four claims for relief:

> (1) Petitioner was deprived of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, because (a) he was arrested without a warrant, (b) he was not given a "Miranda warning," and (c) the trial

judge failed to conduct a probable cause hearing;

(2) Petitioner was denied a fair trial, because (a) the prosecutor, defense attorney and trial court judge "engagened [sic] in illegal act that offend the Administration of Justice," (b) he (Petitioner) was mentally ill and incompetent to stand trial, and the trial court failed to conduct a competency hearing, and (c) his attorney did not provide effective assistance of counsel on direct appeal;

(3) Petitioner was denied due process, because (a) the prosecution's expert witnesses were not qualified to give expert testimony, (b) someone named Angela Dodge "only had a few hours of training," and (c) someone named Clifford Johnson "never test or match no prints and there's no evidence to show a match;" and

(4) Petitioner's conviction violated Minnesota law, because (a) the state did not present sufficient evidence to prove Petitioner guilty beyond a reasonable doubt, (b) "there was no investigation inside the victim's house," (c) "facts was not prove or eliment [sic]," and (d) "the state did not prove identity."

(Petition, pp. (5)-(6), ¶ 12.)

Because none of Petitioner's current habeas corpus claims has been fully litigated in the Minnesota state courts, the instant petition must be dismissed, in its entirety, based on the principles of procedural default.

## II. DISCUSSION

### A. Applicable Legal Principles

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged

federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. State prisoners who have the right to seek discretionary review in the state's supreme court must exercise that right, and seek such review, in order to satisfy the exhaustion of state remedies requirement. Id. at 847. This rule applies to claims raised in collateral proceedings, (such as a post-conviction motion), as well as to claims raised on direct appeal. White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999) (per curiam), cert. denied, 120 S.Ct. 1004 (2000).

When a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause

and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted.[2]

---

[2] "The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of

B. Petitioner's Procedural Default

In this case, all of Petitioner's current habeas corpus claims have been procedurally defaulted, because not one of them has been fairly presented to the highest available state court, (namely the Minnesota Supreme Court), and it is now too late to do so.

Petitioner could have asked the state Supreme Court to review the Court of Appeals' decision upholding his conviction on direct appeal, but he did not file a petition for further review. See Minn. R. App. P. 117. Petitioner also could have sought appellate review of his post-conviction motion, (see Minn.Stat. § 590.06), but he did not take advantage of that opportunity either. Because he failed to complete his state appeal rights, Petitioner deprived the Minnesota Supreme Court of any opportunity to consider any of his challenges to his conviction. He has therefore failed to exhaust his available state court remedies with regard to any of the claims presented here.

Furthermore, it is now too late for Petitioner to return to the state courts and attempt to satisfy the exhaustion requirement. He was required to seek further review in the Minnesota Supreme Court, on his direct appeal, within thirty days after the Court of Appeals' decision affirming his conviction. Minn. R. App. P. 117, subd. 1. He was required to file an appeal in the state post-conviction proceedings within 60 days after the entry of

---

> guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).

the order denying his motion. Minn.Stat. § 590.06. Because he did not pursue his state court appeal rights in a timely manner, he is now procedurally barred from seeking any further state court review of his current challenges to his conviction.[3] Thus, the Court finds that all of Petitioner's current claims for relief have been procedurally defaulted.

C. Cause and Prejudice/Actual Innocence

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. Petitioner has not specifically attempted to satisfy either the cause and prejudice standard, or the actual innocence standard, and the Court cannot independently discern any proper basis to excuse his procedural default.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original). In this case, the Court finds no external cause for Petitioner's procedural default.

---

[3] It appears that some of Petitioner's current claims may not have been raised in any previous state court proceedings – i.e., not in his direct appeal and not in his post-conviction motion. Any such previously unraised claims have been procedurally defaulted because there is no indication that Petitioner was unable to present them in his direct appeal. Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any additional claims that could have been raised on appeal, but were not. McCall, 114 F.3d at 757, citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995).

Petitioner claims that he did not fully pursue all of his rights to seek state appellate court review because, in his words, "I was indigent and illitrated [sic] to law, and needed help with the process but the state public defender did not assis [sic] me and I did not know what to do." (Petition, p. (4), ¶ 11(d).) Petitioner's own indigence, illiteracy, and unfamiliarity with state court appellate procedures cannot be viewed as an external impediment. Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991) (petitioner's "pro se status and his limited educational background do not constitute sufficient cause to excuse his procedural default"); Smittie, 843 F.2d at 298 (habeas petitioners cannot escape the exhaustion of state remedies requirement by alleging "procedural ignorance"); Sherron v. Norris, 69 F.3d 285 (8th Cir. 1995) ("[w]e have held that pro se status standing alone is insufficient to establish cause for a procedural default"). Therefore, Petitioner's alleged inability to pursue his appeal rights does not constitute sufficient "cause" to overcome his procedural default.[4]

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

---

[4] It also should be noted that Petitioner cannot satisfy the cause requirement based on any claim of ineffective assistance of counsel, because no such claim has been fairly presented to the Minnesota Supreme Court. See Edwards v. Carpenter, 529 U.S. 446, 453 ("an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted").

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted. See footnote 2, supra. All of Petitioner's current claims for relief pertain to errors that allegedly occurred before or during his trial, which purportedly affected the fairness of his prosecution and trial. He has not cited any new, previously undiscoverable, evidence, which would prove that he is, in fact, innocent of the crime for which he was convicted. Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

## III. CONCLUSION

The Court concludes that none of Petitioner's current habeas corpus claims can properly be entertained on the merits here. All of Petitioner's claims have been procedurally defaulted because he has not presented any of them to the Minnesota Supreme Court. Moreover, Petitioner cannot overcome his procedural default, either by satisfying the cause and prejudice requirement, or by presenting new evidence establishing his actual innocence. It is therefore recommended that the instant petition be dismissed with prejudice.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because the instant petition cannot be entertained in federal court, Petitioner's IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 2), be DENIED; and

2. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254, (Docket No. 1), be SUMMARILY DISMISSED WITH PREJUDICE.

Dated: October 30, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.